MONROE, C. J.
Defendant has appealed from a conviction and sentence by the juvenile court for the parish of Orleans upon a charge of having willfully neglected and refused to provide for the support of his minor children, in necessitous circumstances. The charge was preferred by affidavit, and the prosecution in that manner was unauthorized. Article 9 of the Constitution declares that—
“Prosecutions shall be by indictment or information; but the General Assembly may provide for the prosecution of misdemeanors oñ affidavit.”
Act 34 of 1902, p. 42, in creating the offense with which defendant is charged, characterizes it as a misdemeanor, but seems to contemplate that its prosecution shall be by indictment. When construed, however, with section 977 of the Revised Statutes, as amended and re-enacted, by Act 156 of 1898, p. 294, it may, perhaps, admit of prosecution by information. In section 4 of article 118 of the Constitution a provision is to be found, reading:
“In said juvenile court in the parish of Orleans, * * * all proceedings against adults shall be by affidavit, information or indictment in the same manner as now required by law”
—following another provision reading;
“All proceedings against neglected and delinquent children shall be by affidavit,” etc.
Answering, then, the question, In what manner is the prosecution of an adult in the juvenile court now required by law to be conducted? we find that, by article 9 of the Constitution all prosecutions are required to be by indictment or information, saving to the General Assembly the power to authorize the prosecution of misdemeanors by affidavit; that Act 34 of 1902 characterizes the offense with which defendant is charged as a misdemeanor, but by the use of the word “indictment” in one of its sections suggests that the intention is that it (the offense) should be prosecuted in that way; that section 977 of the Revised Statutes, as amended and reenacted by Act 156 of 1898, authorizes the prosecution of offenses not capital by information; and'that there is no law which authorizes the prosecution, of the offense here in question by affidavit. The court, therefore, takes notice of the fact that the prosecution is in contravention of article 9 of the Constitution, and must order its dismissal.
It is therefore ordered that the conviction and sentence herein appealed from be dismissed, without prejudice to the right of the state to proceed against defendant as authorized by law.