SOMME'RYILLE, J.
Defendant was charged in the juvenile court for the parish of Orleans with willfully neglecting and refusing to provide for the support of his minor child, Francis Mayo. He was found guilty April 21, 1919, and was ordered to pay $15 on the 1st and 15th of each month for one year, commencing May 1, 1919, for the support of his child.
On February 19, 1920, defendant filed a rule in this proceeding calling on the mother and the state to show cause why the child, Francis, should not be turned over to him.
February 25, 1920, the rule was dismissed.
March 4, 1920, defendant moved for an appeal to this court from the judgments rendered April 21, 1919, and February 25, 1920. The motion of appeal was “granted only from action of this court [the juvenile court] in refusing to grant order on rule filed herein on February 19, 1920.”
The judgment of sentence and conviction were not, therefore, appealed from; and they are not before us for review.
When the case was called for trial counsel for the state informed the court that the proceeding against Mayo for having willfully neglected and refused to provide for the support of his child in necessitous circumstances had been instituted by affidavit on the part of the state, instead of by information or indictment, as was required by article 9 of the Constitution and Act 34 of 1902, p. 42.'
Under such circumstances, the proceedings are null and void ab initio, and must be dismissed for the reasons given in State v. Simms, 145 La. 678, 82 South. 747. And the rule taken by defendant for the custody of his child and the order thereon must fail with the original proceeding.
It is therefore ordered, adjudged, and decreed that the order of the court giving the custody of the child to the mother be dismissed, without prejudice to the rights of the state and to defendant to' proceed in accordance with law.